**Deborah L. DAVIS, Plaintiff,**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY, etc., et al., Defendants.**

**No. CIV.A. 95–0074–H.**

United States District Court,
W.D. Virginia,
Harrisburg Division.

Nov. 24, 1997.

Gary W. Kendall, Denise Yvette Lunsford, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, VA, for Plaintiff.

Bruin S. Richardson, Hunton & Williams, Richmond, VA, for Defendants.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

This action, originally brought under 29 U.S.C. § 1001, *et seq.* (ERISA), has been reinstated on the docket, to consider plaintiff's petition for attorneys' fees and costs. By order entered on April 2, 1997, this court remanded the case to the claims administrator for further proceedings in light of the evidence offered on judicial review. By the same Order, the court retained jurisdiction over the case to permit reinstatement by either side when the proceedings upon remand were completed. Upon remand, the claim was adjudicated in light of the new evidence, and benefits were awarded plaintiff. Thereupon, plaintiff proceeded to reinstate the case on the docket of the court by filing a petition for attorneys' fees and costs which sought entry of judgment against defendant for the expenses incurred in achieving a eventual favorable result upon remand.

Defendant has objected to the award of attorneys' on one procedural and two substantive grounds. First, defendant opposes any further action on plaintiff's fee petition because, under Fed. R. Civ. P 54(d)(2)(B), the petition is untimely as having not been filed within 14 days of the court's Order entered on April 2, 1997 remanding the case to the plan administrator for further proceedings. Defendant also contends that plaintiff has failed to demonstrate entitlement to counsel fees under ERISA, and that in all events, she fails to sufficiently document her fee request to support an award in her favor.[1] Because the Fourth Circuit Court of Appeals has not addressed the applicability of Rule 54(d) to circumstances like these, defendant's opposition raises a challenging

---

1. Defendant does not set forth any substantial grounds in opposition plaintiff's petition for costs, though it seeks dismissal of the petition as a whole. By its terms, Rule 54 applies to attorneys' fees and nontaxable costs. The only items of "costs" in plaintiff's Schedule 1 that do not fall within a category recognized as recoverable costs under 28 U.S.C. § 1920 would be expenses for telephone toll charges, totaling $12.67. The affidavit attached to the petition makes out a *prima facie* case that all costs were reasonably and necessarily incurred for use in the case, which the defendant has not rebutted.

issue of first impression in an otherwise routine claim for fees and costs under ERISA.

█ On its face, Rule 54(d)(2)(A) appears to provide the mechanism by which claims for attorneys' fees and nontaxable costs are presented to the court where such are not an "element of damage to be proved at trial" under the substantive law governing the action. Here, ERISA provides for the recovery of reasonable attorneys' fees and costs to either side, but only to the extent that the court "in its discretion" may allow. 29 U.S.C. § 1132(g)(1). This court would be hard pressed to and will not here conclude that the fees and costs sought by plaintiff are elements of damages under the statute. Quite to the contrary, attorney's fees and non-statutory costs are recoverable under ERISA where the party seeking an award satisfies the factors established by decisional authority, and then only when the court believes that shifting fees will further the interests of the statute. *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410 (4th Cir.1993); *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017 (4th Cir.1993); *Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210 (4th Cir.1990). This court concludes, therefore, that a party seeking an award of fees and costs under ERISA must comply with the requirements of Rule 54.

Among those requirements is that a petition for fees and costs must be filed within 14 days of the entry of judgment in the case. The term "Judgment" is defined in Rule 54(a) as "a decree or any order from which an appeal lies." Thus, the question struck here is whether this court's order remanding the case to the plan administrator to conduct supplemental proceedings in light of evidence proffered on judicial review that was not before the administrator in the first instance constitutes a "judgment" as defined by Rule 54(a).

To answer that inquiry, the court first observes that in *Sheppard & Enoch Pratt Hosp., Inc. v. Travelers, Inc.*, 32 F.3d 120 (4th Cir.1996), the Fourth Circuit recognized the authority of the federal courts under ERISA, particularly where the review standard is abuse of discretion, to remand a case to the plan administrator for further proceedings if the trial court believes the administrators lacked adequate evidence when the claim was adjudicated in the first instance.[2] When that occurs, the court never passes on the merits of the claim. Rather, an adjudication of the merits must await another day. Should the plan administrator reverse the previous decision, as was the case here, the ERISA claim becomes moot. Should the original or a similar result obtain upon remand, the plaintiff is free to reinstate the case for an adjudication of the ERISA claim on its merits under the applicable review standard.

The long-and-short of this is to demonstrate that a new evidence remand under *Sheppard* is not final or appealable for **nothing is adjudicated** by the court except the relevance, materiality and adequacy of the evidence offered on judicial review. Even that is adjudicated only to the extent necessary to determine the likelihood that the evidence offered on judicial review might reasonably have affected the merits had it been considered in the first instance by the plan administrator. If the plan wishes to stand on its prior decision after remand, it certainly can do so. Then the propriety of the final plan decision in its entirety after remand will be the subject of court review upon reinstatement of the case.

█ Having said all this, the court is of the opinion that it did not enter a Rule 54(a) "judgment" on April 2, 1996 when it remanded the case to the plan administrator for further proceedings. That the case was "DISMISSED" from the docket of the court was purely a housekeeping matter, as the remand order further provided for retention of jurisdiction by the court over the case and preserved the right to either side to reinstate the case once the supplemental proceedings before the administrator were completed. Accordingly, defendants' opposition to the petition for an award of fees and costs on the grounds that it was untimely under Rule 54(d)(2)(B) will be overruled. The inquiry

**2.** It is unlikely, but not impossible, that a case being renewed *de novo* would be remanded simply because the court can hear the evidence anew.

will shift, then, to the merits of the petition for fees and costs.

 As alluded to above, the court must examine various factors to determine whether the case is sufficiently unusual as to call for fee shifting. *Custer,* 12 F.3d at 422. Those factors are:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing party to satisfy the award of fees and costs;

(3) whether an award of fees would deter others from similar conduct;

(4) whether the court's decision benefits all participants and beneficiaries of the plan or resolves a significant legal question regarding ERISA itself.

(5) the relative merits of the parties' positions.

*Reinking,* 910 F.2d 1210, 1217–18 (4th Cir. 1990).

The court never was given an opportunity to pass on the merits of the ERISA claim because once the case was remanded, the plan's subsequent action mooted all issues related to the claim by deciding the case favorably to plaintiff. Moreover, and contrary to plaintiff's assertion in her Memorandum supporting the fee petition, there were no broad-based nor particularly significant legal questions resolved by the court, only the application of a well-established principle granting the court authority to require the plan to take another look at the claim for benefits in light of the additional evidence. Nor would an award tend to deter similar conduct or account for the degree of defendant's culpability, for the record before this court shows only that when the additional and material evidence was presented for the first time to the plan administrator, the claim was approved. Furthermore, as conceded by plaintiff, bad faith has not been shown on the record. The most favorable points for plaintiff in this analysis are the facts that she ultimately prevailed and that the defendant is able to pay an award of attorneys' fees. In sum, the court finds plaintiff has failed to satisfy a sufficient number of the analytical elements to warrant a conclusion that fee shifting would further the interests of the statute.

Plaintiff's claim for costs, on the other hand, stands on slightly a different legal footing. Essentially it represent items of expense otherwise recoverable under 28 U.S.C. § 1920, except for the $12.60 of telephone toll charges over which such small sum the defendant really should not fuss. Clearly the plaintiff prevailed in the end, though it was upon remand of the case, and the court finds that the amounts claimed for each element of costs are reasonable and were necessarily incurred for use in the case. Treating her petition for costs alternatively as a bill of costs under 28 U.S.C. § 1920 and Rule 54(d)(1), the court will award plaintiff the sum of $566.02.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.